FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 13 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30048 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00417-TSZ-2 |
| v. | |
| ROBERT HENRY SMITH, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, Senior District Judge, Presiding

Submitted March 8, 2012[**]
Seattle, Washington

Before: PAEZ and MURGUIA, Circuit Judges, and GWIN, District Judge.[***]

Appellant Robert Henry Smith ("Smith") was convicted following a jury

trial of conspiracy to distribute oxycodone in violation of 21 U.S.C. §§ 841(a)(1),

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

[***]    The Honorable James S. Gwin, United States District Judge for the
Northern District of Ohio, sitting by designation.

841(b)(1)(C) and 846, four counts of distribution of oxycodone in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and possession of oxycodone with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). He claims on appeal that there was insufficient evidence presented at trial to support his conviction for conspiracy to distribute. Because the facts are known to the parties, we recount them here only as necessary to explain our decision. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We may only overturn the conviction if, viewing the evidence in the light most favorable to the government, no "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Challenges to the sufficiency of the evidence are ordinarily reviewed *de novo*. *United States v. Stewart*, 420 F.3d 1007, 1014 (9th Cir. 2005). When a defendant, like Smith, fails to make a timely motion for acquittal, however, we review for plain error or manifest injustice. *United States v. Delgado*, 357 F.3d 1061, 1068 (9th Cir. 2004).

In this case, we hold that it was not plain error for the jury to conclude beyond a reasonable doubt that Smith had the requisite agreement and intent to distribute oxycodone. *See United States v. Herrera-Gonzalez*, 263 F.3d 1092, 1095 (9th Cir. 2001) (outlining elements of conspiracy to distribute pursuant to 21 U.S.C. § 846). Circumstantial evidence can be sufficient to establish a conspiracy.

*United States v. Reed*, 575 F.3d 900, 924 (9th Cir. 2009). Codefendant Adrian Johnson testified at trial that he sold Smith oxycodone on credit, knowing that Smith would pay him after reselling the drugs for a profit. This "entire course of dealing" is sufficient to support the conviction for conspiracy to distribute. *United States v. Mincoff*, 574 F.3d 1186, 1194 (9th Cir. 2009) (citation and internal quotation omitted). The sale of the drugs on credit distinguishes this case from *United States v. Lennick*, 18 F.3d 814 (9th Cir. 1994) as the arrangement provides evidence of an agreement and intent to redistribute the drugs beyond the actual sale. *See Mincoff*, 574 F.3d at 1193 (noting that "evidence of fronting may support a conviction for conspiracy to distribute a controlled substance"). There was also testimony that Smith gave oxycodone pills to the government's confidential source in exchange for bringing Smith customers. Evidence of this "drug commission" was also sufficient to support a conviction for conspiracy to distribute oxycodone. *See United States v. Webster*, 623 F.3d 901, 907 (9th Cir. 2010) (holding in part that awareness of resale activities together with evidence of "kickback" relationship is sufficient to support conviction for conspiracy to distribute). We hold that there was sufficient evidence for the jury to convict Smith of conspiracy to distribute oxycodone.

AFFIRMED